**Martin E. GRANT, Petitioner,**

v.

**Jessie L. RIVERS, Respondent.**

**Civil Action No. 95–CV–40240–FL.**

United States District Court,
E.D. Michigan,
Southern Division.

March 18, 1996.

---

Martin E. Grant, Detroit, MI, pro se.

Arthur E. D'Hondt, Theodore E. Hughes, Michigan Department of Attorney General, Habeas Corpus Division, Lansing, MI, for defendant.

## *MEMORANDUM OPINION AND ORDER*

GADOLA, District Judge.

### I. *Background*

#### A. *State Court Proceedings*

Before the Court is petitioner Martin E. Grant's *pro se* habeas corpus petition under 28 U.S.C. § 2254. Petitioner is a state inmate at Ryan Correctional Facility in Detroit, Michigan. In 1988, he was charged on alternative grounds with premeditated first-degree murder and first-degree felony murder. On September 29, 1988, a jury in Recorder's Court for the City of Detroit, Michigan found petitioner guilty of murder in the second degree and first-degree felony murder. Both convictions arose from the fatal stabbing of Charles ("Charlie") Moody during the commission of a larceny on or about April 1, 1988.

---

1. Petitioner amended appellate argument IV to read as follows:

 DEFENDANT WAS DEPRIVED OF HIS RIGHT UNDER THE 6TH AMENDMENT TO THE UNITED STATES CONSTITUTION AND UNDER ARTICLE 1, § 20, MICHIGAN CONSTITUTION 1963 TO THE EFFECTIVE ASSISTANCE OF COUNSEL, WHEN ALTER-

At sentencing, the prosecutor asked the trial court to sentence petitioner on the felony murder conviction. The trial court vacated the second-degree murder conviction, and sentenced petitioner to mandatory life imprisonment without the possibility of parole.

On direct appeal to the Michigan Court of Appeals, petitioner argued through counsel as follows:

I. DEFENDANT WAS DENIED A FAIR TRIAL, WHERE THE TRIAL COURT PRESENTED A MISLEADING DEFINITION OF 'REASONABLE DOUBT' TO THE JURY.

II. REVERSAL IS REQUIRED BY THE PROSECUTOR'S IMPROPER CLOSING REMARKS, WHICH REPEATEDLY CHARACTERIZED DEFENDANT AS A LIAR AND TENDED, IN EFFECT, TO FOCUS ATTENTION ON DEFENDANT'S FAILURE TO TESTIFY.

III. THE TRIAL JUDGE ERRED REVERSIBLY IN DENYING DEFENDANT'S MOTION FOR DIRECTED VERDICT, AT THE CLOSE OF THE PROSECUTION'S CASE.

In a supplemental brief, petitioner's appellate attorney made the following argument:

[IV.] ALTERNATIVE, DUPLICITOUS FIRST-DEGREE MURDER CHARGES, IN THE CASE AT BAR, PLACED AN UNFAIR BURDEN ON THE DEFENSE AND RESULTED IN INEFFECTIVE ASSISTANCE OF COUNSEL.

Petitioner filed a *pro se* supplemental brief in which he submitted an amended version of argument IV[1] and the following additional argument:

V. DEFENDANT WAS DENIED A FAIR TRIAL AND DUE PROCESS

---

NATIVE CHARGING OF FIRST-DEGREE PREMEDITATED MURDER AND FIRST-DEGREE FELONY MURDER—BASED ON A SINGLE HOMICIDE—PLACED AN UNFAIR BURDEN ON THE DEFENSE AND WHEN DEFENSE COUNSEL DID NOT RENDER REASONABLE EFFECTIVE ASSISTANCE.

OF THE LAW GUARANTEED BY THE 6TH AND 14TH AMENDMENT (sic) TO THE UNITED STATES CONSTITUTION AND ARTICLE 1, § 17, MICHIGAN CONSTITUTION 1963, WHEN THE TRIAL COURT FAILED TO GIVE THE ACCOMPLICE TESTIMONY CAUTIONARY INSTRUCTION IN REGARDS TO WITNESS JOE RAMIREZ WHOM THE PROSECUTION ADMITS WAS A (sic) ACCOMPLICE TO THE CRIME.

The Michigan Court of Appeals affirmed petitioner's conviction in a *per curiam* opinion, *see People v. Grant,* Michigan Court of Appeals file number 113154 (March 13, 1990), and on May 17, 1990, denied petitioner's motion for rehearing.

Petitioner presented the following arguments to the Michigan Supreme Court in a *pro se* application for leave to appeal:

I DEFENDANT–APPELLANT WAS DENIED A FAIR TRIAL AND DUE PROCESS OF THE LAW GUARANTEED BY THE 5TH, 6TH AND 14TH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE 1, §§ 17, 20, MICHIGAN CONSTITUTION 1963 WHERE THE TRIAL COURT PRESENTED A MISLEADING DEFINITION OF 'REASONABLE DOUBT' TO THE JURY.

II DEFENDANT–APPELLANT WAS DENIED A FAIR TRIAL AND DUE PROCESS OF THE LAW GUARANTEED BY THE 6TH AND 14TH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE 1, §§ 17, 20, MICHIGAN CONSTITUTION 1963 BY IMPROPER PROSECUTORIAL CLOSING ARGUMENT, WHICH REPEATEDLY CHARACTERIZED DEFENDANT AS A 'LIAR' AND TENDED, IN EFFECT, TO FOCUS THE JURY'S ATTENTION ON DEFENDANT–APPELLANT'S FAILURE TO TESTIFY.

III DEFENDANT–APPELLANT WAS DENIED HIS RIGHT TO DUE PROCESS OF THE LAW GUARANTEED BY THE 14TH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE 1 § 17, MICHIGAN CONSTITUTION 1963, WHEN THE EVIDENCE WAS INSUFFICIENT TO FIND GUILT BEYOND A REASONABLE DOUBT AND THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION FOR A DIRECTED VERDICT.

IV DEFENDANT WAS DEPRIVED OF HIS RIGHT UNDER THE 6TH AMENDMENT TO THE UNITED STATES CONSTITUTION AND UNDER ARTICLE 1, § 20, MICHIGAN CONSTITUTION 1963 TO THE EFFECTIVE ASSISTANCE OF COUNSEL, WHEN ALTERNATIVE CHARGING OF FIRST–DEGREE PREMEDITATED MURDER AND FIRST–DEGREE FELONY MURDER—BASED ON A SINGLE HOMICIDE—PLACED AN UNFAIR BURDEN ON THE DEFENSE AND WHEN DEFENSE COUNSEL DID NOT RENDER REASONABLE EFFECTIVE ASSISTANCE

V DEFENDANT WAS DENIED A FAIR TRIAL AND DUE PROCESS OF THE LAW GUARANTEED BY THE 6TH AND 14TH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE 1, §§ 17, 20, MICHIGAN CONSTITUTION 1963, WHEN THE TRIAL COURT FAILED TO GIVE THE ACCOMPLICE TESTIMONY CAUTIONARY INSTRUCTION IN REGARDS TO WITNESS JOE RAMIREZ WHOM THE PROSECUTION ADMITS WAS A (sic) ACCOMPLICE TO THE CRIME.

VI DEFENDANT–APPELLANT HAS BEEN DENIED HIS RIGHT TO DUE PROCESS OF THE LAW GUARANTEED BY THE 14TH AMENDMENT TO THE UNITED STATES CONSTITUTION AND

ARTICLE 1 § 17, MICHIGAN CONSTITUTION 1963, WHEN THE MICHIGAN COURT OF APPEALS REFUSED TO ADDRESS, ON THE MERITS, AN AMENDED AND SUPPLEMENTAL ISSUE[S], WHERE APPLICATION FOR LEAVE TO FILE SAME HAD BEEN GRANTED, AND IT WAS DEFENDANT–APPELLANT'S APPEAL AS OF RIGHT.

The Michigan Supreme Court denied leave to appeal because it was "not persuaded that the questions presented should be reviewed...." *People v. Grant*, 437 Mich. 899, 483 N.W.2d 24 (1991).

Petitioner then returned to the trial court where he filed a motion for relief from judgment.[2] The trial court denied petitioner's motion because, in its opinion, the Court of Appeals had previously decided some of petitioner's claims and because petitioner had not shown cause for failing to raise the remaining issues on appeal.

Next, petitioner applied for leave to appeal in the Michigan Court of Appeals where his arguments were:

I. DEFENDANT–APPELLANT WAS DENIED A FAIR TRIAL AND DUE PROCESS OF THE LAW GUARANTEED BY THE 6TH AND 14TH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE 1, §§ 17 & 20, MICHIGAN CONSTITUTION 1963, WHEN THE TRIAL COURT FAILED TO GIVE THE ACCOMPLICE TESTIMONY CAUTIONARY INSTRUCTION IN REGARDS TO WITNESS JOE RAMIREZ WHOM THE PROSECUTION ADMITS WAS AN ACCOMPLICE TO THE CRIME CAUSING PREJUDICE TO THE DEFENDANT.

II. DEFENDANT–APPELLANT WAS DENIED DUE PROCESS OF LAW AND A FAIR AND IMPARTIAL SENTENCE GUARANTEED UNDER THE 14TH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE 1, § 17, MICHIGAN CONSTITUTION 1963, WHEN DEFENDANT WAS CONVICTED OF SECOND DEGREE MURDER AND FIRST DEGREE 'FELONY MURDER' FOR A SOLITARY HOMICIDE

---

**2.** According to respondent, petitioner's grounds for relief from judgment in the trial court were:

1. Defendant was denied a fair trial and due process of the law guaranteed by the 6th and 14th Amendments to the United States Constitution and Article 1, §§ 17, 20, Michigan Constitution 1963, when the trial court failed to give the accomplice testimony cautionary instruction in regards to witness Joe Ramirez whom the prosecution admits was an accomplice to the crime.

2. Defendant–Appellant was denied due process of law and a fair and impartial sentence guaranteed under the 14th Amendment to the United States Constitution and Article 1, § 17, Michigan Constitution 1963, when defendant was convicted of second degree murder and first degree 'felony murder' for a solitary homicide violating double jeopardy protections and when the sentencing judge allowed the prosecution to elect which charge to proceed on at sentencing thereby delegating his exclusive sentencing province.

3. Defendant was denied a fair trial and due process of the law guaranteed by the 6th and 14th Amendments to the United States Constitution and Article 1, §§ 17, 20, Michigan Constitution 1963, when the trial court judge abused his discretion by allowing a photograph of the scene of the crime into evidence where it was not substantially necessary or instructive to show material facts or conditions and was misleading to the jury.

4. Defendant was deprived of his right under the 6th Amendment to the United States Constitution and under Article 1, § 20, Michigan Constitution 1963 to the effective assistance of counsel.

5. Defendant was deprived of his right guaranteed under the 14th Amendment to the United States Constitution and under Article 1, § 17, Michigan Constitution 1963 to the effective assistance of counsel on a first appeal as of right.

6. Defendant–Appellant has been denied his right to due process of the law guaranteed by the 14th Amendment to the United States Constitution and Article 1 § 17, Michigan Constitution 1963, when the Michigan Court of Appeals refused to address, on the merits, an amended and supplemental issue[s], where application for leave to file same had been granted, and it was Defendant–Appellant's appeal as of right.

VIOLATING DOUBLE JEOPARDY PROTECTIONS AND WHEN THE SENTENCING JUDGE ALLOWED THE PROSECUTION TO ELECT WHICH CHARGE TO PROCEED ON AT SENTENCING THEREBY DELEGATING HIS EXCLUSIVE SENTENCING PROVINCE.

III. DEFENDANT–APPELLANT WAS DENIED A FAIR TRIAL AND DUE PROCESS OF THE LAW GUARANTEED BY THE 6TH AND 14TH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE 1, §§ 17, 20, MICHIGAN CONSTITUTION 1963, WHEN THE TRIAL COURT JUDGE ABUSED HIS DISCRETION BY ALLOWING A PHOTOGRAPH OF THE SCENE OF THE CRIME INTO EVIDENCE WHERE IT WAS NOT SUBSTANTIALLY NECESSARY OR INSTRUCTIVE TO SHOW MATERIAL FACTS OR CONDITIONS AND WAS MISLEADING TO THE JURY.

IV. DEFENDANT–APPELLANT WAS DEPRIVED OF HIS RIGHT UNDER THE 6TH AMENDMENT TO THE UNITED STATES CONSTITUTION AND UNDER ARTICLE 1, § 20, MICHIGAN CONSTITUTION 1963, TO THE EFFECTIVE ASSISTANCE OF COUNSEL.

V. DEFENDANT–APPELLANT WAS DEPRIVED OF HIS RIGHT GUARANTEED UNDER THE 14TH AMENDMENT TO THE UNITED STATES CONSTITUTION AND UNDER ARTICLE 1, § 17, MICHIGAN CONSTITUTION 1963, TO THE EFFECTIVE ASSISTANCE OF COUNSEL ON A FIRST APPEAL AS OF RIGHT.

VI. DEFENDANT–APPELLANT HAS BEEN DENIED HIS RIGHT TO DUE PROCESS OF THE LAW GUARANTEED BY THE 14TH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE 1, § 17, MICHIGAN CONSTITUTION 1963, WHEN THE MICHIGAN COURT OF APPEALS REFUSED TO ADDRESS, ON THE MERITS, AN AMENDED AND SUPPLEMENTAL ISSUE(S), WHERE APPLICATION FOR LEAVE TO FILE SAME HAD BEEN GRANTED, AND IT WAS DEFENDANT–APPELLANT'S APPEAL AS OF RIGHT.

VII. DEFENDANT–APPELLANT WAS DEPRIVED OF HIS RIGHT TO DUE PROCESS OF THE LAW GUARANTEED BY THE 14TH AMENDMENT TO THE UNITED STATES CONSTITUTION & ARTICLE 1, § 17, MICHIGAN CONSTITUTION 1963, WHEN THE TRIAL COURT JUDGE ABUSED HIS DISCRETION DENYING MOTION FOR RELIEF FROM JUDGMENT BASED ON AN ERRONEOUS PRESUMPTION OF THE STATUS OF THE ISSUES PRESENTED AND FOR A PROCEDURAL DEFAULT WHERE THE MANIFEST DENIAL OF EFFECTIVE ASSISTANCE OF BOTH TRIAL & APPELLATE COUNSEL WAS SUFFICIENT TO OVERCOME SAME.

VIII. DEFENDANT–APPELLANT WAS DEPRIVED OF HIS RIGHT TO DUE PROCESS OF THE LAW GUARANTEED BY THE 14TH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE 1, § 17, MICHIGAN CONSTITUTION 1963, WHEN THE TRIAL COURT JUDGE DENIED HIS MOTION FOR RELIEF FROM JUDGMENT WHERE DEFENDANT–APPELLANT ESTABLISHES AN ENTITLEMENT TO RELIEF FROM THE JUDGMENT OF HIS CONVICTION AND SENTENCE BY DEMONSTRATING GOOD CAUSE FOR

THE FAILURE TO RAISE HIS PRESENT CLAIMS ON DIRECT APPEAL OR IN A PRIOR MOTION AND, ACTUAL PREJUDICE FROM THE ALLEGED IRREGULARITIES IN THIS CRIMINAL PROCESS.

The Michigan Court of Appeals denied petitioner's application for leave to appeal in a standard order citing lack of merit in the grounds presented. *See People v. Grant,* Michigan Court of Appeals file number 173635 (July 19, 1994). The Michigan Supreme Court denied petitioner's subsequent application for leave to appeal the same eight issues. *See People v. Grant,* 448 Mich. 899, 533 N.W.2d 315 (March 31, 1995) (concluding in a standard order that petitioner had failed to meet the burden of establishing entitlement to relief under M.C.R. 6.508(D)).

## B. *Federal Habeas Petition*

On July 25, 1995, petitioner filed the pending habeas corpus petition. His grounds for relief are:

- PETITIONER HAS BEEN DENIED HIS RIGHT TO DUE PROCESS AND EQUAL PROTECTION OF THE LAW GUARANTEED BY THE 14TH AMENDMENT TO THE UNITED STATES CONSTITUTION, WHERE THE MICHIGAN COURT OF APPEALS REFUSED TO ADDRESS, ON THE MERITS, AN AMENDED AND SUPPLEMENTAL ISSUES(S), WHERE APPLICATION FOR LEAVE TO FILE SAME HAD BEEN GRANTED, AND IT WAS PETITIONER'S APPEAL AS OF RIGHT.

- PETITIONER WAS DENIED A FAIR TRIAL AND DUE PROCESS OF THE LAW GUARANTEED BY THE 6TH AMENDMENT AND 14TH AMENDMENTS TO THE UNITED STATES CONSTITUTION, WHEN THE TRIAL COURT FAILED TO GIVE THE ACCOMPLICE TESTIMONY CAUTIONARY INSTRUCTION IN REGARDS TO WITNESS JOE RAMIREZ WHOM THE PROSECUTION ADMITS WAS AN ACCOMPLICE TO THE CRIME CAUSING PREJUDICE TO THE PETITIONER AND RESULTING IN A GROSS MISCARRIAGE OF JUSTICE.

- PETITIONER WAS DENIED HIS RIGHT TO A FAIR TRIAL AND DUE PROCESS OF THE LAW GUARANTEED UNDER THE 6TH AND 14TH AMENDMENTS TO THE UNITED STATES CONSTITUTION, WHERE THE JURY WAS IMPROPERLY INSTRUCTED ON REASONABLE DOUBT AND THERE IS REASONABLE LIKELIHOOD THAT THE JURY APPLIED IT IN A WAY THAT VIOLATED THE CONSTITUTION DEPRIVING PETITIONER OF A SUBSTANTIAL RIGHT RESULTING IN A MISCARRIAGE OF JUSTICE.

- PETITIONER WAS DENIED A FAIR TRIAL AND DUE PROCESS OF THE LAW GUARANTEED BY THE 6TH AND 14TH AMENDMENTS TO THE UNITED STATES CONSTITUTION, BY IMPROPER PROSECUTORIAL CLOSING ARGUMENT, WHICH REPEATEDLY CHARACTERIZED PETITIONER AS A 'LIAR' AND TENDED, IN EFFECT, TO FOCUS THE JURY ATTENTION ON PETITIONER'S FAILURE TO TESTIFY.

- PETITIONER WAS DENIED HIS RIGHT TO DUE PROCESS OF THE LAWS GUARANTEED BY THE 14TH AMENDMENT TO THE UNITED STATES CONSTITUTION, WHEN THE EVIDENCE WAS INSUFFICIENT TO FIND GUILT BEYOND A REASONABLE DOUBT AND THE TRIAL COURT ERRED IN DENYING PETITIONER'S MOTION FOR A DIRECTED VERDICT RESULTING IN A GROSS MISCARRIAGE OF JUSTICE.

- PETITIONER WAS DENIED DUE PROCESS OF LAW AND A FAIR AND IMPARTIAL SENTENCE GUARANTEED UNDER THE 14TH AMENDMENT TO THE UNITED

STATES CONSTITUTION, WHEN PETITIONER WAS CONVICTED OF SECOND DEGREE MURDER AND FIRST DEGREE 'FELONY MURDER' FOR A SOLITARY HOMICIDE VIOLATING DOUBLE JEOPARDY PROTECTIONS AND WHEN THE SENTENCING JUDGE ALLOWED THE PROSECUTION TO ELECT WHICH CHARGE TO PROCEED ON AT SENTENCING THEREBY DELEGATING HIS EXCLUSIVE SENTENCING PROVINCE CAUSING MATERIAL PREJUDICE TO PETITIONER.

■ PETITIONER WAS DENIED A FAIR TRIAL AND DUE PROCESS OF THE LAW GUARANTEED BY THE 6TH AND 14TH AMENDMENTS TO THE UNITED STATES CONSTITUTION, WHEN THE TRIAL COURT JUDGE ABUSED HIS DISCRETION BY ALLOWING A PHOTOGRAPH OF THE SCENE OF THE CRIME INTO EVIDENCE WHERE IT WAS NOT SUBSTANTIALLY NECESSARY OR INSTRUCTIVE TO SHOW MATERIAL FACTS OR CONDITIONS AND WAS MISLEADING TO THE JURY CAUSING MATERIAL PREJUDICE TO PETITIONER.

■ PETITIONER WAS DEPRIVED OF HIS RIGHT UNDER THE 6TH AMENDMENT TO THE UNITED STATES CONSTITUTION, TO THE EFFECTIVE ASSISTANCE OF COUNSEL.

■ PETITIONER WAS DEPRIVED OF HIS RIGHT GUARANTEED BY THE 14TH AMENDMENT TO THE UNITED STATES CONSTITUTION TO THE EFFECTIVE ASSISTANCE OF COUNSEL ON A FIRST APPEAL AS OF RIGHT.

■ PETITIONER WAS DEPRIVED OF HIS RIGHT TO DUE PROCESS OF THE LAW GUARANTEED BY THE 14TH AMENDMENT TO THE UNITED STATES CONSTITUTION, WHEN THE TRIAL COURT JUDGE ABUSED HIS DISCRETION DENYING MOTION FOR RELIEF FROM JUDGMENT BASED ON AN ERRONEOUS PRESUMPTION OF THE STATUS OF THE ISSUES PRESENTED AND FOR A PROCEDURAL DEFAULT WHERE THE MANIFEST DENIAL OF EFFECTIVE ASSISTANCE OF BOTH TRIAL AND APPELLATE COUNSEL WAS SUFFICIENT TO OVERCOME SAME.

■ PETITIONER WAS DEPRIVED OF HIS RIGHT TO DUE PROCESS OF THE LAW GUARANTEED BY THE 14TH AMENDMENT TO THE UNITED STATES CONSTITUTION, WHEN THE TRIAL COURT JUDGE DENIED HIS MOTION FOR RELIEF FROM JUDGMENT WHERE PETITIONER ESTABLISHED AN ENTITLEMENT TO RELIEF FROM THE JUDGMENT OF HIS CONVICTION AND SENTENCE.

Respondent has answered the petition through counsel and argues as follows:

I. PETITIONER FAILED TO EXHAUST 3 OF HIS 11 HABEAS CLAIMS AS FEDERAL CONSTITUTIONAL QUESTIONS AND THEREFORE HIS MIXED PETITION MUST BE DISMISSED.

II. HABEAS CLAIM 1 ASSERTING COURT OF APPEALS FAILURE TO ADDRESS ISSUE, RAISES ONLY A STATE LAW QUESTION WHICH IS NOT COGNIZABLE ON HABEAS REVIEW.

III. HABEAS CLAIM 2 ASSERTING TRIAL COURT ERROR IN FAILURE TO INSTRUCT ON ACCOMPLICE TESTIMONY, RAISES ONLY A STATE LAW QUESTION WHICH IS NOT COGNIZABLE ON HABEAS REVIEW.

IV. PETITIONER'S HABEAS CLAIMS 4, 7, 8, AND 9 WERE PROCEDURALLY DEFAULTED, THEREFORE PRECLUDING HABEAS RELIEF.

V. HABEAS CLAIM 5 ASSERTING INSUFFICIENCY OF EVIDENCE IS MERITLESS AND DOES NOT WARRANT HABEAS RELIEF.

VI. HABEAS CLAIMS 10 AND 11, ASSERTING TRIAL COURT ERROR IN DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT, ARE ANSWERED IN ARGUMENT IV OF THIS ANSWER.

## II. *Discussion*

### A. *Exhaustion of State Remedies*

■ Habeas petitioners must fairly present the substance of each federal constitutional claim in state court before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c); *Picard v. Connor*, 404 U.S. 270, 275–278, 92 S.Ct. 509, 512–514, 30 L.Ed.2d 438 (1971). "A petitioner 'fairly presents' his claim to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir.), *cert. denied*, 509 U.S. 907, 113 S.Ct. 3001, 125 L.Ed.2d 694 (1993). A prisoner confined pursuant to a Michigan conviction must raise each habeas issue in the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir.1990) (quoting *Winegar v. Corrections Department*, 435 F.Supp. 285, 289 (W.D.Mich.1977), *aff'd. without opinion*, 582 F.2d 1281 (6th Cir.1978)); *Dombkowski v. Johnson*, 488 F.2d 68 (6th Cir.1973); *Roland v. Mintzes*, 554 F.Supp. 881, 885 (E.D.Mich.1983).

■ Although a district court generally must dismiss a habeas petition containing claims that were not exhausted in state court, *Rose v. Lundy*, 455 U.S. 509, 510, 102 S.Ct. 1198, 1199, 71 L.Ed.2d 379 (1982), the exhaustion rule is not a jurisdictional requirement. *Castille v. Peoples*, 489 U.S. 346, 349, 109 S.Ct. 1056, 1059, 103 L.Ed.2d 380 (1989) (citing *Granberry v. Greer*, 481 U.S. 129, 107 S.Ct. 1671, 95 L.Ed.2d 119 (1987)). A federal court may adjudicate a habeas petition when the grounds for relief are without merit. *Cain v. Redman*, 947 F.2d 817, 820 (6th Cir.1991), *cert. denied*, 503 U.S. 922, 112 S.Ct. 1299, 117 L.Ed.2d 521 (1992); *Prather v. Rees*, 822 F.2d 1418, 1421–1422 (6th Cir. 1987).

Petitioner raised his claims in the Michigan Court of Appeals and in the Michigan Supreme Court. The Court concludes that, with the following exception, petitioner exhausted state court remedies for his claims.

■ Petitioner concedes that he did not present his third claim regarding the jury instruction on reasonable doubt in state court under the same theory. He raises the claim as a federal constitutional issue here, but he relied on CJI 3:1:04 and state decisions to support the claim in state court. The difference between his claim in state court and his federal claim here is a difference in legal theory. Mere similarity of claims is insufficient to exhaust. *Duncan v. Henry*, —— U.S. ——, ——, 115 S.Ct. 887, 888, 130 L.Ed.2d 865 (1995). Accordingly, petitioner did not exhaust state remedies for his third claim. *Prather v. Rees*, 822 F.2d at 1421.

■ Petitioner's third claim has no merit. Therefore, the interests of comity and judicial efficiency compel the Court to address the merits of petitioner's unexhausted third claim rather than dismiss the entire habeas petition. *Martin v. Parker*, 11 F.3d 613, 615 (6th Cir.1993); *Cain v. Redman*, 947 F.2d at 820; *Prather v. Rees*, 822 F.2d at 1422.

Furthermore, although petitioner presumably could return to state court to further exhaust his third claim, the state court no doubt would conclude that petitioner did or should have raised the claim previously. *See* M.C.R. 6.508(D)(2) and (3). Accordingly, the Court will proceed to address petitioner's claims.

### B. *Procedural Default*

■ Respondent alleges that petitioner's state procedural defaults bar habeas review of petitioner's fourth, seventh, eighth, and ninth claims. A state procedural default bars consideration of a federal claim on habeas review if the last state court rendering a

judgment in the case clearly and expressly states that its judgment rests on a state procedural bar. *Harris v. Reed,* 489 U.S. 255, 263, 109 S.Ct. 1038, 1043–1044, 103 L.Ed.2d 308 (1989). When determining which was the last state court to rest its judgment on a state procedural default, the Court must "look through" unexplained orders to the last reasoned decision. *Ylst v. Nunnemaker,* 501 U.S. 797, 804, 111 S.Ct. 2590, 2595, 115 L.Ed.2d 706 (1991); *Couch v. Jabe,* 951 F.2d 94 (6th Cir.1991).

### 1. *Petitioner's Fourth Claim*

■ The last state court to render a reasoned decision on petitioner's fourth claim about the prosecutor's closing argument was the Michigan Court of Appeals on direct appeal. It addressed the issue as follows:

> Nor do we find defendant's rights violated by the prosecution's closing statement. A prosecutor may argue that a defendant is not worthy of belief or that he is in fact lying. *People v. Sharbow, [Sharbnow],* 174 Mich.App. 94; 435 N.W.2d 772 (1989). *Moreover, defendant's failure to object to the contested comments precludes review of the issue on appeal as no manifest injustice occurred. People v Foster,* 175 Mich.App. 311; 437 N.W.2d 395 (1989).

*People v. Grant,* Michigan Court of Appeals file number 113154 (March 13, 1990) at 1 (emphasis added). The Michigan Court of Appeals relied, in part, on Michigan's contemporaneous objection rule to deny relief. *See People v. Foster,* 175 Mich.App. 311, 317, 437 N.W.2d 395 (1989). A state court's reliance on rules requiring a contemporaneous objection is an adequate and independent

state ground for denying relief. *See, e.g., Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *West v. Seabold,* 73 F.3d 81, 84 (6th Cir.1996).[3]

The Michigan Supreme Court did not address petitioner's fourth claim on the merits, and petitioner did not raise his objection to the prosecutor's closing argument in his subsequent motion for relief from judgment or in his second round of appeals. Consequently, the Michigan Court of Appeals in deciding petitioner's appeal of right was the last state court to review petitioner's fourth claim in a reasoned opinion.

### 2. *Petitioner's Seventh, Eighth, and Ninth Claims*

■ The trial court was the last state court to render a reasoned decision on petitioner's seventh claim (admission of photograph into evidence), eighth claim (assistance of trial counsel), and ninth claim (assistance of appellate counsel). When denying petitioner's motion for relief from judgment, the trial court stated:

> In addition, the court finds that defendant has failed to show 'good cause' for failure to raise the issues regarding introduction of the crime scene photograph into evidence, and ineffective assistance of trial and appellate counsel on appeal and 'actual prejudice' from the alleged irregularities that support the claim for relief. MCR 6.508(D)(3)(a)(b).

*See* respondent's answer to petition for writ of habeas corpus, exhibit 2 at 2.

Petitioner contends that M.C.R. 6.508(D)(3)[4] was not an adequate and independent state ground for relief because Rule 6.508 became effective after his trial and

---

**3.** Even a state court opinion that relies on a state procedural rule as an alternative holding is an adequate and independent state ground for denying relief. *See Harris v. Reed,* 489 U.S. at 264 n. 10, 109 S.Ct. at 1044 n. 10.

**4.** M.C.R. 6.508(D)(3)(a) and (b) reads in relevant part as follows:

(D) Entitlement to Relief. The defendant has the burden of establishing entitlement to the relief requested. The court may not grant relief to the defendant if the motion

(3) alleges grounds for relief, other than jurisdictional defects, which could have been

raised on appeal from the conviction and sentence or in a prior motion under this subchapter, unless the defendant demonstrates

(a) good cause for failure to raise such grounds on appeal or in the prior motion, and

(b) actual prejudice from the alleged irregularities that support the claim for relief.

after the filing of his notice of appeal. *See Ford v. Georgia,* 498 U.S. 411, 111 S.Ct. 850, 112 L.Ed.2d 935 (1991); *Warner v. United States,* 975 F.2d 1207, 1213–14 (6th Cir.1992), *cert. denied,* 507 U.S. 932, 113 S.Ct. 1314, 122 L.Ed.2d 702 (1993). Rule 6.508 became effective on October 1, 1989, and petitioner's appeal of right was pending until March 13, 1990, when the Michigan Court of Appeals issued its dispositive decision in his case. Petitioner, therefore, should have been on notice while his case was pending on direct appeal that state court rules required a defendant to raise all claims on appeal.

The Court concludes that petitioner could have raised claims 7, 8, and 9 on direct appeal. Therefore, the trial court's reliance on M.C.R. 6.508(D) was an adequate and independent state ground for denying relief.

State procedural bars may expire because of later actions by state courts. *Ylst v. Nunnemaker,* 501 U.S. at 801, 111 S.Ct. at 2593–2594. In this case, however, the subsequent orders of the Michigan Court of Appeals and the Michigan Supreme Court left the procedural bar to petitioner's seventh, eighth, and ninth claims in place. Both appellate courts denied leave to appeal in standard, one-sentence orders.

**5.** The prosecutor argued in pertinent part as follows:

> You heard the statement given by this man, Mr. Grant, the statement that he gave to the police, the statement which he explained the actions, that I had to do it to save myself. It was him or me. That's what this case is about, the credibility and believability of this person.
>
> . . . .
>
> What evidence is there here of self-defense? The only evidence comes from Mr. Grant's self-serving statement. His *lies* to the police to save his little tail. Oh, yeah, when the police come, he gives a statement, but he minimizes his involvement. He knows that he is dead in the water because Joe Ramirez saw him stab him, but he tries to *lie* to him.
>
> You can have the two statements that he gave to the police and look at the *lies* that he told in that statement. *Lies,* ladies and gentlemen, because if you look at the statement, it cannot be true.
>
> . . . .
>
> This self-serving statement given by Mr. Grant is his own attempt to *lie* his way out of it. Look at the statement. Look at all the evidence and look at how the evidence contradicts.

### 3. *Cause and Prejudice*

Petitioner's state procedural defaults bar habeas review of his fourth, seventh, eighth, and ninth claims unless he can show cause for his state procedural defaults and actual prejudice as a result of the alleged violations of federal law. *Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991). Alternatively, petitioner must show that this Court's failure to consider his defaulted claims will result in a fundamental miscarriage of justice. *Id.* The exception for a miscarriage of justice requires petitioner to show that a constitutional violation probably resulted in the conviction of one who is actually innocent. *Schlup v. Delo,* — U.S. —, — – —, 115 S.Ct. 851, 864–867, 130 L.Ed.2d 808 (1995); *Murray v. Carrier,* 477 U.S. 478, 496, 106 S.Ct. 2639, 2649–2650, 91 L.Ed.2d 397 (1986).

Petitioner implies that ineffective assistance of trial counsel was cause for his failure to object to the prosecutor's closing arguments.[5] *See* petition at 36. Ineffective assistance of counsel is cause for a procedural default, but mere failure to recognize or raise a claim does not constitute "cause."

. . . .

> There's no self-defense. They are self-serving *lies.* Self-serving *lies.* Look at [the] arrangement of the body. Look at the evidence. From all other sources, the stabbing occurred right in front of [the] door, right where Mr. Ramirez could see him. Not at the sofa, but right here where all the blood is, where the body is. It is a *lie.*

Transcript of trial (T) at 314–15, 319–22 (emphasis added).

On rebuttal, the prosecutor made the following additional arguments:

> Do you remember the statement where he said in the chest is where I stabbed him? That is not self-defense.
>
> What does the medical examiner say when the stab wounds were inflicted? He was already dead. He was already dead.
>
> The statement is a *lie.* He tells us he is defending himself by stabbing a man that comes out of the kitchen. . . . The story of self defense does not ring the truth.
>
> . . . .
>
> . . . I say there is nothing in this case to show any marijuana.
>
> Another *lie* about this man to minimize his involvement, to blame it on someone else.

T at 341, 343 (emphasis added).

*Murray v. Carrier,* 477 U.S. at 486–489, 106 S.Ct. at 2644–2646.

Moreover, "[a] prosecutor has reasonable latitude in fashioning his closing arguments, and in a case involving two essentially conflicting stories, it is reasonable to infer, and to argue, that one side is lying." *U.S. v. Lanier,* 33 F.3d 639, 659 (6th Cir.1994), *vacated on other grounds on grant of rehearing (en banc ),* 43 F.3d 1033 (6th Cir.1995), *and on rehearing (en banc ),* 73 F.3d 1380 (6th Cir.1996). The prosecutor's comments to petitioner's jury about the conflicting testimony and whether they should believe petitioner's statement to the police was fair comment on the evidence presented at trial. *See id.* Accordingly, defense counsel was not ineffective for failing to object to the prosecutor's comments. *Akrawi v. Jabe,* 979 F.2d 418, 424 (6th Cir.1992) (stating that "failure to object to a proper argument is not inadequate representation.").

 Petitioner asserts that ineffective assistance of appellate counsel was cause for his failure to present his claims concerning the photograph and trial counsel on direct appeal. Petitioner had no *per se* right to compel appointed counsel to argue nonfrivolous claims in his appeal of right. *Evitts v. Lucey,* 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985); *Jones v. Barnes,* 463 U.S. 745, 751, 103 S.Ct. 3308, 3312–3313, 77 L.Ed.2d 987 (1983). Additionally, appellate counsel's strategic choices made after a thorough investigation of the relevant law and facts are virtually unchallengeable. *Strickland v. Washington,* 466 U.S. 668, 690, 104 S.Ct. 2052, 2066, 80 L.Ed.2d 674 (1984).

Petitioner's appellate attorneys informed him by letter that they deemed the issue about the photograph to be

> so weak that [they] did not wish to include it unless there turned out to be virtually no other issues of merit. Since [appellate counsel] were able to present several issues of definite merit, appellate counsel excluded the 'photo' issue, not wishing to unnecessarily weigh down the brief with issues that might distract or disenchant the Court of Appeals panel of 3 judges.

*See* petition, exhibit H at 2. Appellate counsel's two-page letter indicates that the choice of which issues to include and exclude in the appellate brief was a strategic decision based on a review of the record and the relevant law.

Furthermore, appellate counsel instructed petitioner on procedures for filing a brief *in propria persona* if he personally wanted to raise issues that appellate counsel had deemed not meritorious. Petitioner demonstrated his ability to pursue legal remedies *in propria persona* by presenting a professional-looking brief in support of his supplemental claim on direct appeal. The Court concludes that appellate counsel was not cause for petitioner's failure to raise his defaulted claims on appeal.

The Court will not consider whether petitioner was prejudiced by the alleged constitutional errors because he has not established cause for his state procedural default. *See Smith v. Murray,* 477 U.S. 527, 533, 106 S.Ct. 2661, 2665–2666, 91 L.Ed.2d 434 (1986). The evidence as summarized below does not suggest that petitioner is innocent. Therefore, failure to consider petitioner's defaulted claims will not result in a miscarriage of justice. Accordingly, the Court will not review petitioner's fourth, seventh, eighth, and ninth claims on the merits.

### C. *Petitioner's Remaining Claims on the Merits*

#### 1. *Alleged Refusal to Address Supplemental Issue*

On direct appeal, petitioner filed a *pro se* motion for leave to file a supplemental brief in the Michigan Court of Appeals. The *pro se* supplemental brief amended petitioner's claim about alternative charges and defense counsel. The brief also contained a new issue: that the trial court's failure to give a cautionary instruction on accomplice testimony violated petitioner's rights to a fair trial and due process. The Michigan Court of Appeals granted petitioner's motion to file a supplemental brief, but did not specifically address the supplemental issue in its dispositive opinion. Petitioner accordingly moved for a rehearing on the ground that the Court of Appeals had not considered his supple-

mental claim. The Court of Appeals denied petitioner's motion for rehearing "for lack of merit in the grounds presented." *See People v. Grant*, Michigan Court of Appeals file number 113154 (May 17, 1990). Petitioner now alleges that the failure of the Court of Appeals to address his supplemental issue on the merits violated his rights to due process and equal protection of the law.

 Federal courts have no supervisory authority over state court judges, and they may not require the observance of any special procedures except when necessary to assure compliance with the Constitution. *Harris v. Rivera*, 454 U.S. 339, 344–345, 102 S.Ct. 460, 463–464, 70 L.Ed.2d 530 (1981). When other procedural safeguards have minimized the risk of unfairness, there is a diminished justification for requiring judges to explain their rulings. *Id.* at 344 n. 11, 102 S.Ct. at 464 n. 11.

 The Michigan Court of Appeals presumably took cognizance of petitioner's supplemental claim concerning the lack of a jury instruction on accomplice testimony when it granted petitioner leave to file a supplemental brief and later when it denied petitioner a rehearing. Furthermore, the Court of Appeals implicitly addressed petitioner's supplemental ·claim by stating in its dispositive order that "[a] review of the jury instructions indicates they fairly presented to the jury the issues to be tried and sufficiently protected [petitioner's] rights." *People v. Grant*, Michigan Court of Appeals file number 113154 (March 13, 1990). The failure of the Michigan Court of Appeals to explain its dispositive opinion more completely does not render the decision constitutionally defective; nor is it a ground for relief in federal court on collateral review. *See Arizona v. Washington*, 434 U.S. 497, 517, 98 S.Ct. 824, 836, 54 L.Ed.2d 717 (1978). This Court concludes that petitioner was not denied due process on appeal. His first claim has no merit.

### 2. *Accomplice Testimony*

Petitioner's second ground for relief raises the supplemental claim that he contends the Michigan Court of Appeals did not address. Specifically, petitioner alleges that the trial court's failure to give a cautionary instruction on accomplice testimony deprived him of a fair trial, due process, and equal protection of the law. Petitioner asserts that the prosecution's chief witness, Joe Ramirez, was a participant in the crime and that he could have been charged as an accomplice. Consequently, argues petitioner, the trial court had a duty to instruct the jurors *sua sponte* that they should receive Mr. Ramirez' testimony with caution.

 Petitioner had no constitutional right to an instruction about accomplice testimony or about the weight to be given to particular kinds of evidence. *See Takacs v. Engle*, 768 F.2d 122, 127 (6th Cir.1985). Petitioner's claim is essentially a matter of state law, and to the extent that the instruction may have contained an error of state law, it does not justify habeas corpus relief. *Gilmore v. Taylor*, 508 U.S. 333, 340–42, 344–46, 113 S.Ct. 2112, 2117, 2119, 124 L.Ed.2d 306 (1993). The question then becomes whether the trial court's failure to instruct the jury on evaluating the testimony of an alleged accomplice so infected petitioner's trial that it violated due process. *Murphy v. Sowders*, 801 F.2d 205, 212 (6th Cir.1986), *cert. denied*, 480 U.S. 941, 107 S.Ct. 1593, 94 L.Ed.2d 782 (1987).

Although the trial court did not instruct the jurors specifically on the testimony of accomplices, the trial court did read the following instructions:

You are the sole judges of this case and must determine which witnesses you will believe, and what weight you will give to their testimony. In doing so, you may take into account a witness' ability and opportunity to observe, his or her memory, his or her manner while testifying, his or her age, any interest, bias or prejudice he or she may have, and the reasonableness of his or her testimony considered in the light of all the evidence in the case.

If there is a conflict in the testimony of witnesses, consider whether the conflict is a matter of importance or merely some detail, and whether this involves an honest ·mistake or deliberate falsehood. It is possible that a witness testified honestly, but with an inaccurate perception or memory

of events. Witnesses to same events may see or hear it differently. In attempting to determine which testimony is true, that is accurate, you may find it helpful to consider which testimony is supported by other evidence.

If you concluded that one or more of the witnesses intentionally testified falsely about any facts which is (sic) necessary for your decision in this case, then for that reason alone, you may, if you wish, disregard everything that the witness said. You may, however, believe that the witness testified falsely and intentionally in one respect, but truthfully about other things. If that's the situation as you see it, then you may accept that part of the testimony which you believe to be truthful, and you reject that part which you believe to be false.

. . . .

You may consider whether or not you believe the testimony of witnesses made during the course of this trial.

T at 350–352.

The trial court's instructions to the jury apprised the jury about assessing the credibility of witnesses. Moreover, Joe Ramirez testified that he had agreed to participate in the robbery of Charles Moody, that he had been arrested for his participation in this case, and that he spent a night in jail following his arrest. T at 84, 108. He also admitted having lied to the police when he made his first statement to them and that he later decided to tell the truth to the police although he had taken hush money from petitioner. T at 91–93, 104–105. He claimed that no one promised him anything for his testimony. T at 85.

Thus, the jury had sufficient evidence before it to evaluate Joe Ramirez' testimony. The Court concludes that the trial court's failure to instruct the jury more specifically on the testimony of accomplices did not deprive petitioner of a fair trial or due process of law. Petitioner's claim that the trial court should have limited the weight to be given to Joe Ramirez' testimony has no merit.

### 3. *Jury Instruction on Reasonable Doubt*

Petitioner's third claim is that the trial court's jury instruction on reasonable doubt deprived him of a fair trial and due process. Specifically, petitioner challenges the trial court's use of the phrases "fair, honest doubt," "not to proceed" rather than "hesitate to act," and "moral certainty."

■ On habeas review, the question is 'whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process.' *Cupp v. Naughten*, 414 U.S. 141, 147, 94 S.Ct. 396, 400, 38 L.Ed.2d 368 (1973); *see also Henderson v. Kibbe*, 431 U.S. 145, 154, 97 S.Ct. 1730, 1736–1737, 52 L.Ed.2d 203 (1977); *Donnelly v. DeChristoforo*, 416 U.S. 637, 643, 94 S.Ct. 1868, 1871, 40 L.Ed.2d 431 (1974) (" '[I]t must be established not merely that the instruction is undesirable, erroneous, or even 'universally condemned,' but that it violated some [constitutional] right' "). It is well established that the instruction 'may not be judged in artificial isolation,' but must be considered in the context of the instructions as a whole and the trial record. *Cupp v. Naughten, supra,* at 147, 94 S.Ct. at 400.

*Estelle v. McGuire*, 502 U.S. 62, 72, 112 S.Ct. 475, 482, 116 L.Ed.2d 385 (1991).

The disputed jury instruction in petitioner's case reads as follows:

Now, a reasonable doubt is a *fair, honest doubt* growing out of the evidence or lack of evidence in this case, or growing out of any reasonable or ligitimate (sic) inferences drawn from the evidence or lack of evidence. It is not merely an imaginary doubt or a flimsy, fanciful doubt or a doubt based on the mere possibility of the innocence of the defendant, but rather a *fair, honest doubt* based on reason and common sense. It is a state of mind which would cause you *not to proceed* in making an important decision in your own personal life. By stating that the prosecution must prove guilt beyond a reasonable doubt, I mean that there must be such evidence that causes you to have a firm conviction to

a *moral certainty* of the truth of the charge here made against this defendant. T at 347–48 (emphasis added). Petitioner contends that these instructions mislead the jury about the prosecution's burden of proof by misstating the degree of doubt required to acquit and the degree of certainty required to convict.

### a. *"Fair, honest doubt"*

██ Petitioner objects to the trial court's use of the phrase "fair, honest doubt." Although equating "fair, honest doubt" with "reasonable doubt" may not have helped the jurors, it did not impinge on the reasonable doubt standard. *United States v. Hall,* 854 F.2d 1036, 1039 (7th Cir.1988); *see United States v. Campbell,* 874 F.2d 838, 842 (1st Cir.1989). Equating reasonable doubt with some other measure of doubt did not constitute a constitutional infringement because the jury instructions also included language that: petitioner was presumed innocent, T at 346; the burden of proof never shifts from the prosecutor, T at 347; petitioner was not obligated to come forward with any evidence, T at 346–348; and a failure to prove guilt beyond a reasonable doubt must result in an acquittal, T at 347. *United States v. Hall,* 854 F.2d at 1039.

### b. *"Not to proceed"*

██ Petitioner asserts that the trial judge's definition of reasonable doubt as a state of mind which causes one "not to proceed" rather than "hesitate to act" in making an important personal decision created a higher degree of doubt required for acquittal. However,

> so long as the court instructs the jury on the necessity that the defendant's guilt be proven beyond a reasonable doubt, the Constitution does not require that any particular form of words be used in advising the jury of the government's burden of proof. Rather, 'taken as a whole, the instructions [must] correctly conve[y] the concept of reasonable doubt to the jury.'

*Victor v. Nebraska,* 511 U.S. 1, ——, 114 S.Ct. 1239, 1243, 127 L.Ed.2d 583 (1994) (citations omitted).

Use of the phrase "not to proceed" appeared once in the jury instructions. In contrast, the trial court used the phrase "reasonable doubt" at least fourteen times and two more times when it re-read jury instructions on the difference between premeditated murder and second-degree murder. The Court concludes that the challenged phrase "not to proceed" when taken in context correctly conveyed the concept of reasonable doubt and did not violate petitioner's constitutional right to due process.

### c. *"Moral certainty"*

██ Petitioner alleges that the trial court erroneously instructed the jurors that they must have a firm conviction to a "moral certainty" of the truth of the charge against him. Petitioner relies on *Cage v. Louisiana,* 498 U.S. 39, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990), in which the Supreme Court held that an instruction equating reasonable doubt with a "grave uncertainty" and an "actual substantial doubt" and stating that what was required was a "moral certainty" rendered the instruction unconstitutional.

In *Victor v. Nebraska,* 511 U.S. 1, ——, 114 S.Ct. 1239, 1247, 127 L.Ed.2d 583 (1994), however, the Supreme Court concluded that a reference to moral certainty, in conjunction with "abiding conviction language" impressed on the jurors the need to reach a subjective state of near certitude of the guilt of the accused. The Supreme Court rejected the petitioner's contention that the moral certainty element of a state instruction invited the jury to convict him on proof below that required by the Due Process Clause. *See id.*

In petitioner's case, the trial court instructed the jurors in part as follows: "By stating that the prosecution must prove guilt beyond a reasonable doubt, I mean that there must be such evidence that causes you to have a *firm conviction* to a *moral certainty* of the truth of the charge here made against this defendant." T at 347–48 (emphasis added). Furthermore, the trial court instructed the jurors that their conclusion had to be based only on evidence properly admitted in the case, T at 348–349, and that they must not be influenced by pity for a defendant or by prejudice against him, T at 345. *Cf. Victor v. Nebraska,* 511 U.S. at

——, 114 S.Ct. at 1248. This Court therefore concludes that it is "not reasonably likely that the jury understood the words moral certainty either as suggesting a standard of proof lower than due process requires or as allowing conviction on factors other than the government's proof." *Id.*

### d. *Summary*

Due process requires the prosecution "to prove a criminal defendant's guilt beyond a reasonable doubt, and trial courts must avoid defining reasonable doubt so as to lead the jury to convict on a lesser showing than due process requires." *Id.* at ——, 114 S.Ct. at 1251. The instructions in this case, taken as a whole, correctly conveyed the concept of reasonable doubt to the jury. It is unlikely "that the jurors who determined petitioner['s] guilt applied the instructions in a way that violated the Constitution." *Id.* The Court concludes that petitioner's third claim has no merit.

### 4. *Denial of Motion for Directed Verdict*

Petitioner's fifth claim is that the trial court deprived him of due process when it denied his motion for a directed verdict. "Errors of state law alone cannot form the basis of relief under federal *habeas corpus,*" and a trial court's alleged abuse of discretion in denying a motion does not violate the Constitution. *Sinistaj v. Burt,* 66 F.3d 804, 807–808 (6th Cir.1995).

If the Court construed petitioner's claim to allege a constitutional violation, the relevant question would be "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979) (emphasis in original).[6]

■■■ At trial, defense counsel moved for a directed verdict of acquittal on both first-degree premeditated murder and felony murder. In Michigan, "[t]o constitute first-

degree murder, it must be established that a defendant's intentional killing of another was deliberated and premeditated." *People v. Coddington,* 188 Mich.App. 584, 599, 470 N.W.2d 478 (1991), *leave to appeal denied,* 439 Mich. 970, 483 N.W.2d 364 (1992). To convict a defendant of felony murder, the fact finder must conclude that the defendant "acted with intent to kill or to inflict great bodily harm or with a wanton and willful disregard of the likelihood that the natural tendency of his behavior is to cause death or great bodily harm." *People v. Aaron,* 409 Mich. 672, 733, 299 N.W.2d 304 (1980).

■■■ According to Joseph ("Joe") Ramirez' testimony, on April 1, 1988, petitioner stated at Brenda Phillips' house that, it would be a "cinch" to "rip-off" Charlie Moody. T at 69. Petitioner subsequently picked up a knife, although Mr. Ramirez thought petitioner placed the knife back in the sink. T at 70. Then petitioner, Joe Ramirez, and Kenny Pasciak went to Charlie Moody's house. T at 66–70. Petitioner had instructed Joe Ramirez and Kenny Pasciak to "rush" Charlie Moody. T at 71. When they arrived at Charlie Moody's house, Mr. Moody permitted petitioner to enter the house. T at 71–72. Joe Ramirez and Kenny Pasciak remained on the sidewalk in front of the house. T at 72. Joe Ramirez saw petitioner pull a knife from the waistband of his pants, swing the knife two times, and stab Charlie Moody in the back. T at 72–73, 106. Joe Ramirez and Kenny Pasciak then ran back to Brenda Phillips' house. Petitioner also returned to Ms. Phillips' house where he said, "I think I killed him." T at 74. Petitioner showed Joe Ramirez $500 and some cocaine that came from Charlie Moody's house. T at 77. Petitioner asked Joe Ramirez and Kenny Pasciak to return to the crime scene to determine if Mr. Moody were dead. T at 109.

In his first statement to the police, petitioner indicated that Charlie Moody probably thought that he (petitioner) was trying to steal a bag of "weed" and that Moody tried

---

**6.** Similarly, in Michigan, a trial judge ruling on a motion for a directed verdict of acquittal must consider the evidence in the light most favorable to the prosecution. Then, the trial judge must determine whether a rational trier of fact could

have found that the prosecutor proved the essential elements of the crime beyond a reasonable doubt. *People v. Hampton,* 407 Mich. 354, 368, 285 N.W.2d 284 (1979), *cert. denied,* 449 U.S. 885, 101 S.Ct. 239, 66 L.Ed.2d 110 (1980).

to stab him. T at 263. Petitioner stated that he struggled with Charlie Moody and then stabbed Moody in the stomach and chest. T at 263–264.

In a second statement to the police, petitioner said that he stabbed Charlie Moody more than twice and that he asked Joe Ramirez and Kenny Pasciak to go back and determine if he had killed Mr. Moody. T at 268–269. He claimed that he had not intended to kill Charlie Moody and that "[i]t was him or me." T at 270. He indicated that he stabbed Charles Moody all over and that he had not been able to stop because he went into shock. T at 270.

A rational trier of fact could have concluded from the evidence as summarized above that the prosecution had established the essential elements of either premeditated or felony murder beyond a reasonable doubt. Accordingly, neither petitioner's state law claim nor his implied federal constitutional claim has merit.

### 5. *Permitting the Prosecution to Elect the Charge*

Petitioner's sixth claim is two-fold. He alleges that his convictions for second-degree murder and first-degree felony murder for the same homicide violated the Double Jeopardy Clause. Additionally, he alleges that the trial court deprived him of due process and a fair sentence when it permitted the prosecutor to elect one of two convictions on which to proceed at sentencing. He contends that the prosecutor's decision had a direct bearing on the sentence imposed and, therefore, the trial court improperly delegated a judicial function.

The trial court vacated one of petitioner's convictions at sentencing. T at 407. Consequently, petitioner has received all the relief to which he is entitled on habeas review for the alleged violation of the Double Jeopardy Clause.

Petitioner has provided no authority for his conclusion that a prosecutor may not elect a charge on which to proceed at sentencing when there are two convictions for the same offense. Prosecutors, in fact, enjoy considerable discretion in determining which charges to bring. *United States v. Batchelder*, 442 U.S. 114, 124, 99 S.Ct. 2198, 2204, 60 L.Ed.2d 755 (1979). Additionally, prosecutors may be influenced by the penalties available on conviction; this fact in itself does not give rise to a constitutional violation. *Id.* at 125, 99 S.Ct. at 2204–2205.

The prosecutor's decision to proceed on petitioner's first-degree felony murder conviction did not empower the prosecutor to predetermine the sentence. *See id.* It merely enabled the trial court to impose a mandatory life sentence without the possibility of parole.[7] Petitioner had no constitutional right to elect which of two crimes would be the basis for the criminal information; nor was he entitled to choose the penalty scheme under which he was sentenced. *United States v. Batchelder*, 442 U.S. at 125, 99 S.Ct. at 2204–2205. This Court concludes that the trial court did not delegate its sentencing powers to the prosecutor and did not deprive petitioner of due process of law or a fair sentence.

### 6. *Denial of Motions for Relief from Judgment*

Petitioner's final two claims allege that the trial court abused its discretion when denying his motion for relief from judgment. Petitioner challenges the trial court's factual and legal conclusions. Specifically, he argues that the trial court relied on an erroneous presumption regarding the status of the issues before it. Petitioner also contends that the trial court erroneously concluded he had not shown good cause for failing to raise his claims previously and resulting prejudice.

Petitioner's last two claims attempt to refute respondent's assertion that petitioner procedurally defaulted some of his claims in state court. The Court has addressed these claims above. To the extent that petitioner believes the trial judge abused his discretion when ruling on the motion for relief from

---

7. In *People v. Morrin*, 31 Mich.App. 301, 325, 187 N.W.2d 434 (1971), the Michigan Court of Appeals explained that "[c]onviction of first-degree murder carries an automatic sentence of life imprisonment without possibility of parole, while second-degree murder is punishable by imprisonment for life or for any terms of years and the offender is parolable."

judgment, petitioner's claim is without merit. As noted above, mere errors of state law and a court's alleged abuse of discretion in denying a motion generally are not grounds for habeas corpus relief. *Sinistaj v. Burt,* 66 F.3d at 807–808.

### III. *Conclusion*

Petitioner's state procedural defaults bar habeas review of the fourth, seventh, eighth, and ninth claims. Petitioner's remaining claims have no merit. Accordingly, the Court DENIES the petition for writ of habeas corpus.

## JUDGMENT

The above entitled matter having come before the Court on a Petition for the Writ of Habeas Corpus, Honorable PAUL V. GADOLA, a United States District Judge, presiding, and in accordance with the Memorandum Opinion and Order entered on March 18, 1996,

IT IS ORDERED AND ADJUDGED that the Petition for a Writ of Habeas Corpus is DENIED.