**Mack TIGGART, Petitioner–Appellant,**

**v.**

**Kenny ROBINSON, Warden Respondent–Appellee.**

No. 00–2296.

United States Court of Appeals, Sixth Circuit.

Jan. 24, 2002.

Before BOGGS and MOORE, Circuit Judges; RUSSELL, District Judge.*

### ORDER

Mack Tiggart, a Michigan state prisoner, moves for the appointment of counsel and appeals a district court judgment denying his petition for a writ of habeas corpus, filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Tiggart was convicted following a 1990 jury trial of second degree murder, felony murder, and felony firearm. He was sentenced to 25 to 45 years of imprisonment, concurrent with a nonparolable life sentence, plus two years, respectively. On direct appeal, he argued that his conviction of both second degree murder and felony murder for one offense violated the Double Jeopardy Clause. The Michigan Court of Appeals agreed and vacated the conviction for second degree murder. Tiggart then filed for postconviction relief, which was denied on the ground that the claims should have been raised on direct appeal. Tiggart's appeal from that decision was rejected without opinion by both the Michigan Court of Appeals and Supreme Court.

This petition for federal habeas corpus relief was then filed, raising ten issues. The district court determined that only the issue of double jeopardy had not been procedurally defaulted. Finding that Tiggart had received all the relief he was entitled to for that claim on his direct appeal, and that the remaining claims had been procedurally defaulted, the district court denied the petition. The district court also granted Tiggart a certificate of appealability.

Initially, we note that it is not entirely clear whether the district court intended to grant a certificate of appealability as to Tiggart's double jeopardy claim. Tiggart has briefed this issue and respondent has not. However, this dispute is irrelevant because, even assuming that the certificate of appealability applies to this issue, it is without merit. The district court properly noted that Tiggart had received all the relief to which he was entitled for this error when his conviction for second degree murder was vacated on direct appeal. See Grant v. Rivers, 920 F.Supp. 769, 787 (E.D.Mich.1996).

The district court also properly held that the remaining claims were procedurally defaulted. The trial court clearly and expressly relied on a valid state procedural bar in denying Tiggart's postconviction motion in which these claims were raised; therefore, Tiggart was required to establish cause for his default and prejudice, or that a fundamental miscarriage of justice would result from the failure to review the claims. Coleman v. Thompson, 501 U.S. 722, 750–51, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). Because the Michigan Court of Appeals and Supreme Court rejected the appeal from the trial court's decision without opinion, the district court properly looked through those orders to the trial court's order to determine that the issues were procedurally defaulted. Ylst v. Nunnemaker, 501 U.S. 797, 803, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991). Tiggart did not establish cause for his procedural default by arguing that his appellate counsel was ineffective, because appellate counsel has no constitutional duty

* The Honorable Thomas B. Russell, United States District Judge for the Western District of Kentucky, sitting by designation.

to raise every nonfrivolous issue on appeal. *Jones v. Barnes,* 463 U.S. 745, 751, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). Moreover, Tiggart did not establish prejudice from the procedural default, because, for the reasons well-stated in the district court's thorough opinion, the claims Tiggart wishes to raise are in fact frivolous. Finally, Tiggart presented no evidence which would suggest that a fundamental miscarriage of justice will result from the failure to address these claims.

For the above reasons, the motion for counsel is denied and the district court's judgment denying this petition is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.